TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000266-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


ROBERT HANSFORD HOSKINS                                  RESPONDENT


### OPINION AND ORDER

The Kentucky Bar Association has filed a Petition for Reciprocal Discipline under Supreme Court Rule ("SCR") 3.435. For the reasons set forth below, we grant the petition and permanently disbar Robert Hansford Hoskins.[1]

### I. OPINION AND ORDER.

The Supreme Court of Ohio entered an order on May 23, 2017, permanently disbarring Robert Hoskins from the practice of law. As a consequence of his disbarment in Ohio, the KBA moved for this Court to order Hoskins to show cause, if he has any, why he should not face identical

---

[1] Hoskins' KBA Member Number is 87199 and his Bar Roster address is 1040 Richwood Avenue, Cincinnati, Ohio 45208.

punishment in Kentucky. We issued a Show Cause Order on June 9, 2017, and Hoskins had until June 29, 2017, to respond. He failed to respond to the order, and Hoskins has presented no evidence to support an alternative disposition, so we grant the KBA's Petition for Reciprocal Discipline in compliance with SCR 3.435.

The Ohio Supreme Court Order stems from a five-count charge levied against Hoskins for violating the Ohio Rules of Professional Conduct.

Count One found that Hoskins had violated Ohio Rules 1.4(a)(3), 3.3(a)(1), 3.4(c), 4.1(a), 5.5(a), 8.4(c), 8.4(h), and 8.1(b), by continuing to represent a client in a legal matter after being suspended by the Ohio Supreme Court. Hoskins continued practicing law after his suspension by impersonating another attorney in communications with opposing counsel and the court.

Count Two held that Hoskins violated Ohio Rules 4.1(a), 5.5(a), and 8.4(d), by filing a complaint on behalf of his client, participating in a scheduling conference with the court, and identifying himself as counsel for the plaintiff, even though he had been suspended from the practice of law for nearly two months. At a deposition, he was asked by opposing counsel if he had been reinstated and Hoskins asserted that he had. Opposing counsel's partner contacted the Office of Disciplinary Counsel and was informed that Hoskins in fact had not been reinstated. This resulted in the judge staying all further proceedings and directing Hoskins to advise his client of his suspension.

Count Three found that Hoskins violated Ohio Rule 5.5(a). While suspended from the practice of law, Hoskins filed an adult-adoption petition,

2

attended a hearing in the matter, identified himself as an attorney, entered an appearance, and examined the petitioners and the adoptee.

Count Four held that Hoskins violated Ohio Rules 1.4(a)(3), 3.4(c), and 8.4(c), by his knowing failure to notify his client, Mr. Hanks, of his suspension from the practice of law, and for his dishonesty when questioned about the suspension. Hoskins also violated Ohio Rules 1.4(a), 1.16(d), and 1.16(e).

Count Five found that Hoskins had violated Ohio Rules 1.4(a)(3), 1.4(a)(4), 1.16(d), 1.16(e), 3.4(c), and 8.1(b), by failing promptly to respond to a client's request for an itemized statement and a refund of the unearned portion of her retainer. Hoskins ultimately sent the client a refund, but did not respond to letters of inquiry regarding the bar compliant filed by the client.

Lastly, Count Six held that Hoskins violated Ohio Rule 5.5(a) by continuing to represent Dr. Howard Covert while under suspension from the practice of law.

As the KBA notes, Kentucky's Rules of Professional Conduct contain identical or similar versions of almost all the Ohio Rules violated by Hoskins.

This Court finds that

1. There is no evidence of fraud in the Ohio proceedings;

2. The misconduct in Ohio does not warrant a substantially different discipline in Kentucky;

3. Hoskins has failed to respond to this Court's Show Cause Order;

4. The final adjudication of Hoskins's professional misconduct by the Ohio Supreme Court establishes conclusively his professional misconduct for purposes of identical discipline in Kentucky.

3

Accordingly, the Court ORDERS:

1. Under SCR 3.435(4), Hoskins is permanently disbarred from the practice of law in Kentucky, effective 10 days from the date of the rendition of this order;

2. Hoskins must notify all courts and clients of his disbarment in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten days from the date of entry of this Opinion and Order. Hoskins must also simultaneously provide a copy of all notification letters to the Office of Bar Counsel. Also, to the extent possible, Hoskins must cancel and cease any advertising activities in which he is engaged; AND

3. In accordance with SCR 3.450, Hoskins is directed to pay all costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 28, 2017.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.

4